1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN RICHARDSON,

11              Petitioner,                    No. CIV S-10-3180 KJM DAD P

12        vs.

13   R. HILL, Warden,                          ORDER AND

14              Respondent.                    FINDINGS & RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18   pauperis.

19              Examination of the affidavit reveals petitioner is unable to afford the costs of this

20   action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21              Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

22   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

23   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

24   Section 2254 Cases.  Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the

25   petition on the merits when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418,

26   420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).  The

1

1   Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

2   for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4;

3   a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are

4   considered; or a dismissal after consideration of the pleadings and an expanded record."

5          In his November 24, 2010 petition, petitioner challenges the August 26, 2008

6   decision by the Board of Parole Hearings to deny him parole at his first subsequent parole

7   consideration hearing.  (Doc. No. 1 at 4.)  Petitioner claims that the Board's decision violated his

8   right to due process because it was not supported by "some evidence" that he posed a current

9   danger to society if released from prison, as required under California law.  A review of the

10  record before the court reflects that petitioner's allegations plainly do not entitle him to federal

11  habeas corpus relief.  Accordingly, his petition will be dismissed pursuant to habeas Rule 4.

12         The Due Process Clause of the Fourteenth Amendment prohibits state action that

13  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

14  due process violation must first demonstrate that he was deprived of a liberty or property interest

15  protected by the Due Process Clause and then show that the procedures attendant upon the

16  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

17  490 U.S. 454, 459-60 (1989).

18         A protected liberty interest may arise from either the Due Process Clause of the

19  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

20  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

21  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

22  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

23  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

24  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

25  person to be conditionally released before the expiration of a valid sentence.").  However, a

26  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

2

1  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

2  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

3  California's parole scheme gives rise to a liberty interest in parole protected by the

4  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

5  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

6  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

7  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

8  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

9  California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

10  on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

11  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

12  In Swarthout, the Supreme Court reviewed two cases in which California

13  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

14  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

15  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

16  requires fair procedures, "and federal courts will review the application of those constitutionally

17  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

18  procedures required are minimal" and that the "Constitution does not require more" than "an

19  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

20  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

21  decisions that went beyond these minimal procedural requirements and "reviewed the state

22  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

23  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

24  the application of the "some evidence" standard to parole decisions by the California courts as a

25  /////

26  /////

3

1    component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at

2    1191.

3                As noted above, petitioner seeks federal habeas relief on the grounds that the

4    Board's 2008 decision to deny him parole, and the findings upon which that denial was based,

5    were not supported by "some evidence" of future dangerousness as required under California

6    law.  However, under the Supreme Court's decision in Swarthout this court may not review

7    whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S.

8    Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d

9    711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context

10   of parole eligibility decisions the due process right is procedural, and entitles a prisoner to

11   nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

12   Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout,

13   California's parole scheme creates no substantive due process rights and any procedural due

14   process requirement is met as long as the state provides an inmate seeking parole with an

15   opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639

16   F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process

17   Clause for denial parole under the California system, it made clear that the Clause's requirements

18   were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

19   the evidence against them, were afforded access to their records in advance, and were notified as

20   to the reasons why parole was denied.'")

21   /////

22

23            [1]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
     years the Ninth Circuit had consistently held that in order to comport with due process a state parole
24   board's decision to deny parole had to be supported by "some evidence," as defined in
     Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
25   Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895,
     904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission
26   setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

                                                    4

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2008 parole suitability hearing.  (Doc. 1-1 at 7.)  The record also establishes that at that 2008 hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied at that time by the Board panel. (Id. at 2-79.)  That is all the process that was due petitioner under the Constitution.  Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191.  Accordingly, the pending petition will be dismissed because it plainly appears from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to relief on his due process claim.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (Doc. No. 5) is granted.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
rich3180.100

5